UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF DAIGLE TOWING SERVICE, LLC AS OWNER AND OPERATOR OF THE M/V BRAYDEN RAY ITS ENGINES, TACKLE, APPAREL, ETC. | CIVIL ACTION<br><br>NO: 19-13521<br><br>SECTION: "S" (5) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Turn Service's **Motion to Strike or Dismiss Third Party Demand** (Rec. Doc. 28) is **GRANTED**;

**IT IS FURTHER ORDERED** that any additional briefing on the pending **Motion to Lift any Stay, Injunctions and Temporary Restraining Orders** as to the Limitation Petitioner, its insurer, or Captain Gaudet (Rec. Doc. 12) in light of this ruling shall be filed within **7 days** of entry of this order.

### BACKGROUND

Claimant Lance Lacrosse filed suit in the 25th Judicial District Court for the Parish of Plaquemines alleging that he was injured as the result of an allision between a vessel operated by Daigle Towing, the M/V BRAYDEN RAY, and a vessel owned by Lacrosse's employer, Turn Services, LLC ("Turn Services"), the M/V RACHEL ALEXANDRIA. This court stayed the state court action after Daigle Towing filed the instant limitation proceeding pursuant to 46 U.S.C. § 30501 et seq. Lacrosse has moved to lift the stay as to Daigle Towing, contending that he has offered a stipulation that adequately protects the limitation fund in this matter. He has also

moved to lift the stay of state court proceedings against the captain of the M/V BRAYDEN RAY, Morgan Gaudet, and the insurer of the vessel, Allianz Global Corporate and Specialty ("Allianz"). Subsequently, Daigle Towing filed a third-party demand against Turn Services pursuant to Fed. R. Civ. Pro. 14(c). In response, Turn Services filed the instant motion to strike the demand pursuant to Fed. R. Civ. Pro. 14(a)(4).

In the motion to strike, Turn Services argues that because it has settled all claims against Lacrosse and assigned Lacrosse its right for reimbursement of maintenance and cure, there is no legal basis for Daigle Towing's third-party demand. Lacrosse agrees that Turn Services is subject to dismissal considering the settlement agreement, which renders this matter a single claimant case, and contending that the stipulations offered sufficiently protect Daigle Towing's ability to limit its liability. Daigle Towing counters that the assignment attached to Turn Services' motion to strike does not conclusively establish that all claims have been settled between Lacrosse and Turn Services, and thus it would be improper to dismiss its demand.

### DISCUSSION

Federal Rule of Civil Procedure 14(a)(4) permits any party to move to strike a third-party claim. Courts may strike a third-party claim "if it is obviously unmeritorious." Matter of Rene Marine Offshore, Inc., 2006 WL 8446234, at *1 (S.D. Tex. May 18, 2006). A third-party demand is obviously unmeritorious if a party can show that the claims alleged are totally waived, settled, or otherwise not legally enforceable. See, e.g., Ensco Marine Co. v. Bird-Johnson Co., 2004 WL 2452767, at *2 (E.D. La. Nov. 1, 2004). In Ensco Marine, the court relied on the Supreme

Court's holding that, when a plaintiff and a third-party defendant settle all claims between them, any claim that a plaintiff may have against from another third-party defendant in contribution is extinguished. McDermott, Inc. v. AmClyde, 511 U.S. 202, 209 (1994) ("no suits for contribution from the settling defendants are permitted, nor are they necessary, because the nonsettling defendants pay no more than their share of the judgment.") "The money paid [in settlement] extinguishes any claim that the injured party has against the released tortfeasor and also diminishes the claim that the injured party has against the other tortfeasors by the amount of the equitable share of the obligation of the released tortfeasor." Id. (citations omitted). In such a scenario, forcing the plaintiff to judgment against a party that could not be legally liable to it would lead to an absurd result. Id.

    Daigle Towing acknowledges that if all claims were settled and assigned to Lacrosse, then the third-party demand should be dismissed as obviously unmeritorious. In this case, there is no question that Turn Services has settled all the claims between it and Lacrosse. Turn Services has submitted a redacted version of the settlement and release between it and Lacrosse, and the court has conducted an in camera review of the full settlement and release. These documents establish that all potential claims between Turn Services and Lacrosse have been settled. Accordingly,

    **IT IS HEREBY ORDERED** that Turn Service's **Motion to Strike or Dismiss Third Party Demand** (Rec. Doc. 28) is **GRANTED**.

    **IT IS FURTHER ORDERED** that any additional briefing on the pending **Motion to Lift any Stay, Injunctions and Temporary Restraining Orders** as to the Limitation Petitioner,

its insurer, or Captain Gaudet (Rec. Doc. 12) in light of this ruling shall be filed within **7 days** of entry of this order.

    New Orleans, Louisiana, this   6th   day of November, 2020.

                                    **MARY ANN VIAL LEMMON**
                                **UNITED STATES DISTRICT JUDGE**