UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE
COMPLAINT OF DAIGLE TOWING
SERVICE, LLC AS OWNER AND
OPERATOR OF THE M/V BRAYDEN
RAY ITS ENGINES, TACKLE,
APPAREL, ETC.

CIVIL ACTION

NO: 19-13521

SECTION: "S" (5)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that claimant Lance Lacrosse's **Motion to Stay Proceedings, and Motion to Lift Any Stay, Injunctions and Temporary Restraining Orders** (Rec. Doc. 12) is **DENIED** without prejudice to be re-urged upon filing an appropriate stipulation.

BACKGROUND

The court previously granted Turn Services' motion to dismiss the third-party claims against it, rendering this matter a single claimant limitation action.[1] The single claimant, Lance Lacrosse, has moved to stay the limitation, and lift any stay preventing him from prosecuting his state court action against Captain Morgan Gaudet, Albert Daigle, Daigle Towing Service, LLC as owner of the M/V BRAYDEN RAY, and their insurers or underwriters, including Allianz Global Corporate and Specialty ("Allianz"). In connection with the motion, Lacrosse has stipulated that he will not seek enforcement of any judgment in excess of the amount set by this court in the limitation proceeding, that he will litigate all issues relating to the amount of limitation in this court and no other, that he waives res judicata claims relating to any state court

---

[1] Rec. Doc. 50.

1

proceeding against Daigle Towing, that any claim of reimbursement for maintenance and cure would prime any judgment Lacrosse received against Daigle Towing, and that the totality of both judgments would not exceed any limitation fund.[2]

Lacrosse argues that his stipulations adequately protect Daigle Towing's right to limit its liability, and his state court action should be allowed to proceed. Daigle Towing opposes, arguing that the limitation action should proceed before the state court action because Lacrosse's direct action against Allianz and Captain Gaudet (a co-insured under the Allianz policy), could potentially deplete the limitation fund. In a supplemental memorandum, Lacrosse suggests alternative stipulations that would foreclose this possibility, but has not submitted any further stipulation.

## DISCUSSION

Under the Limited Liability Act, 46 U.S.C. § 30501 et seq., a shipowner, lacking privity or knowledge, may limit liability for damages arising from a maritime accident to "the value of the vessel and pending freight" in proportionate share to the shipowner's interest in the vessel and pending freight. 46 U.S.C. § 30505. However, this right to limitation "is cabined by the 'saving to suitors' clause, . . . which evinces a preference for jury trials and common law remedies in the forum of the claimant's choice." Odeco Oil & Gas Co., Drilling Div. v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996) (citing Magnolia Marine Transport Co. v. Laplace Towing Corp., 964 F.2d 1571, 1582 (5th Cir. 1992) (other citations omitted)). Notwithstanding the tension between the Limitation Act and the saving to suitors clause, "the [district] court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve

---

[2] Rec. Doc. 12.

the adjudication of that right in the federal forum." Id. (quoting Magnolia Marine Transport Co., 964 F.2d at 1575).

In an effort to balance shipowners' limitation rights in federal courts and the rights of claimants to sue in the forum of their choice, federal courts have identified two situations in which a district court must allow a state court action to proceed: "(1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." Odeco, 74 F.3d at 674 (citing Texaco, Inc. v. Williams, 47 F.3d 765, 768 (5th Cir. 1995), cert. denied, 516 U.S. 907 (1995) (emphasis in the original)).

Because the court granted the motion to strike/dismiss the third-party demand against Turn Services, Lacrosse is the sole claimant in this limitation action and his proffered stipulation meets the second requirement of Odeco. While this would ordinarily result in a lifting of the stay, Daigle Towing argues that the stay should not be lifted because the court has a duty to protect the limitation fund, and allowing Lacrosse's state court action against Captain Gaudet and Allianz to proceed before the limitation is concluded would potentially deplete its limitation fund.

The court notes that by its terms, the stay did not apply to Captain Gaudet, but only to Daigle Towing, the M/V Brayden Ray, and its liability insurers (specifically, Allianz). Rec. Doc. 3, ¶5. Moreover, the "benefits of the [Limitation] Act, . . . are, by their plain terms, conferred on ship owners only." Zapata Haynie Corp. v. Arthur, 926 F.2d 484, 485 (5th Cir. 1991). In Zapata, the Fifth Circuit Court of Appeals held that a district court may not restrain a state court proceeding against the captain of a vessel whose owner has instituted a limitation proceeding.

3

926 F.2d at 485; see also, In re Diamond B Marine Servs., Inc., 2000 WL 726885, at *3 (E.D. La. June 5, 2000) (denying motion to stay state court action against captain and mate). The clear import of this holding is that the court should not stay – and indeed, lacks authority to stay – the state court suit against Captain Gaudet.

With respect to Allianz, Daigle Towing's liability insurer, the Fifth Circuit has traditionally required the limitation action to proceed before any direct action against liability insurers, recognizing the risk of a judgment in the direct action suit depleting the limitation fund. Magnolia Marine, 964 F2d at 1579. However, the Fifth Circuit has also allowed state court direct actions to proceed when alternative solutions to protect the limitation fund are implemented, such as requiring a claimant to stipulate that the shipowner has a priority claim on the insurance proceeds. Id. at 1580; see also, In re Seabulk Offshore, Ltd., 158 F.3d 897, 900 (5th Cir. 1998). In his supplemental memorandum, Lacrosse has proposed just such an alternative, however, he did not provide a conforming stipulation. Rec. Doc. 53, p. 6.

In order to resolve the competing interests of protecting the limitation fund and affording claimant the forum of his choice in this case, a stipulation by Lacrosse that Daigle Towing has a priority claim on any insurance proceeds that Lacrosse may win in a direct action against Allianz will suffice. Accordingly,

**IT IS HEREBY ORDERED** that claimant Lance Lacrosse's **Motion to Stay Proceedings, and Motion to Lift Any Stay, Injunctions and Temporary Restraining Orders**

(Rec. Doc. 12) is **DENIED** without prejudice to be re-urged upon filing an appropriate stipulation.

New Orleans, Louisiana, this  3rd day of December, 2020.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE